IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PATRICK T. VAUGHN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv584 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Patrick T. Vaughn, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections should be overruled.

Petitioner objects to the application of the one-year statute of limitations to his petition and asserts that the limitations period should be tolled because he is an "unwary *pro se* prisoner." To the extent petitioner's objections may be liberally interpreted as seeking equitable tolling, petitioner is not entitled to any such tolling. In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court held that § 2244(d) is subject to equitable tolling in appropriate cases. The Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

1

and prevented timely filing." *Id.*, 130 S.Ct. at 2562. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, 130 S.Ct. at 2565. The Fifth Circuit has explained that "equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, and noted that excusable neglect does not support equitable tolling." *Ott v. Johnson,* 192 F.3d 510, 513-514 (5th Cir.1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

Petitioner asserts that the limitations period should be tolled because he is an "unwary *pro se* prisoner." However, neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

As detailed in the Report, petitioner's petition was untimely after being credited with all applicable statutory tolling. Petitioner has neither diligently pursued his claims nor shown that rare and exceptional circumstances prevented his timely filing. Accordingly, equitable tolling is not warranted, and the petition is barred by limitations.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to

proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 30th day of March, 2022.**

*Michael J. Truncale*

Michael J. Truncale
United States District Judge

3