IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PATRICK T. VAUGHN | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv584 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Patrick T. Vaughn, an inmate at the Telford Unit, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Magistrate Judge recommended the action be dismissed as barred by limitations. After receiving objections from the petitioner, the court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. The court concluded petitioner's objections were without merit and the petition was barred by the applicable one-year statute of limitations.

Petitioner has filed a motion for relief from judgment (ECF No. 13). Petitioner seeks relief from the final judgment pursuant to Rules 60(b)(1) and 60(b)(6), asserting that his conviction did not become final until the intermediate appellate court issued its mandate and his failure to timely file the petition was due to excusable neglect. This memorandum opinion and order considers such motion.

ANALYSIS

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

After due consideration, the court is of the opinion that petitioner's motion is without merit. For the reasons set forth in the Report and the Memorandum Opinion previously entered in this action, petitioner's claims fail to set forth a meritorious ground warranting relief from the judgment. As the magistrate judge correctly determined, petitioner's conviction became final ninety days after his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013) (rejecting argument that state appellate court's mandate, issued after TCCA's refusal of PDR, determined finality of conviction under section 2244(d)(1)(A)); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010) ("In *Roberts*, we held that the issuance of a mandate by a state court is irrelevant to determining when a judgment becomes 'final' for the purposes of § 2244(d)(1)(A).") (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003)). Also, as discussed in the memorandum, petitioner has neither diligently pursued his claims nor shown that exceptional circumstances existed such as to potentially warrant the application of equitable tolling. Accordingly, the petition is barred by limitations and was properly dismissed.

## ORDER

For the reasons set forth above, petitioner's motion for reconsideration is without merit. Accordingly, the motion should be denied. It is therefore,

ORDERED that petitioner's motion for reconsideration is DENIED.

**SIGNED this 16th day of May, 2022.**

Michael J. Truncale
United States District Judge